---

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RIGOBERTO FELIX RODRIGUEZ, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 Civil Case No. 2:12-CV-1017 TS Criminal Case No. 2:11-CR-382 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Petitioner was charged by Indictment with possession of methamphetamine with intent to distribute on May 4, 2011. Petitioner pleaded guilty on November 30, 2011. On February 15, 2012, Petitioner was sentenced to a term of imprisonment of sixty-three months. Judgment was entered the following day. Petitioner did not file a direct appeal, but did timely file the instant Motion on October 30, 2012.

II.  DISCUSSION

Petitioner makes a number of arguments in his Motion.  Petitioner argues that he should have received the benefit of the Safety Valve and should have been given a reduction for his mitigating role in the offense.  Petitioner further argues that he should have received a lesser sentence because of his substance abuse problems and because he manifested extraordinary acceptance of responsibility.  Petitioner also argues that he received ineffective assistance of counsel, that the plea colloquy was deficient under Fed. R. Crim. P. 11, and that he was coerced into pleading guilty.

A.    COLLATERAL APPEAL WAIVER

The government argues that Petitioner's Motion should be dismissed as a result of the collateral appeal waiver contained in Petitioner's plea agreement.

The Tenth Circuit has established a three-part test based upon contract principles to interpret appeal waivers.[1]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[2]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and

---

[1] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (en banc) ("[C]ontract principles govern plea agreements.").

[2] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

in favor of a defendant's appellate rights.'"[3]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[4]  With these principles in mind, the Court proceeds with its analysis.

    *1.    Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5]

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255.  Thus, Petitioner's Motion is largely barred by waiver.

The Court recognizes, however, that such collateral appeal waivers do not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver.[6] Certain of Petitioner's claims challenge the effectiveness of his counsel and may fall outside the scope of his waiver.  Therefore, they will be addressed below.

---

[3]*Id*. (internal citations and quotation marks omitted).

[4]*United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[5]Case No. 2:11-CR-382 TS, Docket No. 47, at 5.

[6]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

### 2. *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7] In determining whether an appellate waiver is knowing and voluntary, the Court looks at: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9]

In this case, the plea agreement clearly states that Petitioner entered the agreement knowingly and voluntarily.

Petitioner argues in his Motion that an adequate Rule 11 plea colloquy did not take place. Petitioner asserts that the Court did not address Petitioner in open court to determine whether his plea was voluntary and not the result of force, threats, or promises. The record, however, reveals just the opposite. The Magistrate Judge conducted a lengthy plea colloquy after which he properly determined that Petitioner entered his plea voluntarily. Therefore, the Court rejects this argument.

Petitioner also argues that his plea was coerced. However, as with Petitioner's other claims, there is nothing to support this contention.

---

[7] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[8] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9] *Id.* (internal citations omitted).

### 3. Miscarriage of Justice

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[10]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[11]

Petitioner bears the burden of establishing a miscarriage of justice.[12]

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding. Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice. As a result, the Court will dismiss Petitioner's claim under the waiver, except those claims asserting ineffective assistance of counsel.

### B. SENTENCING ISSUES

As set forth above, Petitioner asserts a number of claims related to his sentence. For instance, Petitioner claims that he should have received the benefit of the Safety Valve and should have received a reduction for his mitigating role. Petitioner further argues that he should have received a lesser sentence as a result of his substance abuse problems and because he manifested extraordinary acceptance of responsibility.

---

[10] *Id*. at 1327 (internal citations omitted).

[11] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[12] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

For the reasons set forth above, the Court finds that these claims are barred by the collateral appeal waiver contained in the plea agreement. However, even if these claims were not barred by his collateral appeal waiver, they fail on the merits. Petitioner argues that he should have received the benefit of the Safety Valve and a reduced sentence based on his mitigating role. The fact is that Petitioner received such reductions at his sentencing. Therefore, there is no factual basis to support these claims. The other sentencing issues raised are matters the Court would have taken into consideration in determining the appropriate sentence under 18 U.S.C. § 3553(a). Thus, Petitioner's Motion on these grounds must be rejected.

C. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner makes two claims of ineffective assistance. Petitioner claims that his counsel was ineffective because counsel advised Petitioner to plead guilty. Petitioner also argues that counsel failed to interview witnesses and investigate the government's case.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[13] A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[14] In addition, in evaluating counsel's

---

[13] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[14] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[15]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[16]

      Petitioner first argues that counsel was ineffective for advising him to plead guilty. Petitioner alleges that counsel told Petitioner that the evidence against him was strong and that the plea agreement would result in less prison time.  Counsel further told Petitioner that if he rejected the plea, he would go to trial and, if unsuccessful, would face additional prison time.

      Based on the facts alleged, the Court can find no ineffective assistance.  Rather, it appears that counsel acted appropriately and in Petitioner's best interest.  Counsel correctly informed Petitioner that the evidence against him was strong and that accepting the agreement offered by the government was the only way to reduce Petitioner's potential sentence.  Therefore, the Court can find no fault with counsel's advice.

      Petitioner further argues that counsel was not prepared to go to trial and failed to interview witnesses or otherwise investigate the government's case.  Petitioner's allegations on this ground are sparse.  Petitioner does not explain which witnesses counsel should have interviewed or what evidence counsel should have investigated further.  Such conclusory allegations are insufficient to set forth a claim of ineffective assistance.  Therefore, the Court must reject this claim.

---

[15] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[16] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

III. CONCLUSION

It is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-1017 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-1017 TS forthwith.

DATED   April 4, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge